Ayrnett' v. Edmondson.

H. H. AYRNETT, Clerk, etc., v. E. EDMUNDSON, Trustee.

MERCHANT'S TAX. *Merchant. Trustee to sell.* A trustee to whom goods are assigned, and who sells them from the store, but without replenishing the stock, is not a merchant, within the meaning of the law, so as to be bound to take out license or pay tax in order to sell the goods.

FROM GILES.

Appeal from the Circuit Court. JNO. V. WRIGHT, Special Judge.

HEISKELL for plaintiff.

J. & W. H. McCOLLUM for defendant.

DEADERICK, C. J., delivered the opinion of the court.

Ayrnett, the clerk of the county court of Giles county, insists that Edmundson, trustee of Brown, is liable for a merchant's tax, and they, upon an agreed state of facts, submitted the question to the Hon. John V. Wright, circuit judge, who decided in favor of defendant, and Ayrnett has appealed to this court.

The facts are, that J. R. C. Brown was a merchant in Pulaski, February 19, 1877, and then engaged in selling dry goods, groceries, etc.; on that day he assigned all his stock of merchandise to Edmundson, as trustee, to sell the same and pay on debts due from Brown.

Ayrnett *v.* Edmondson.

No authority was given to the trustee to replenish the stock, but he was directed by the deed to sell as rapidly as he could and pay over the proceeds to creditors. The trustee took possession of the goods in the house in which Brown had kept them, and has been selling them at private sale for cash, and has added nothing to the stock. Brown's taxes were paid up to the time he made his assignment.

In this case Edmundson is a trustee, to whom a failing debtor, for the benefit of his creditors, has made an assignment. Amongst the property assigned is a stock of goods. While he was trading and dealing in dry goods and groceries, Brown was a merchant, within the meaning of the law, but upon his assignment he ceased to be a merchant; nor did the transfer to Edmondson of the stock of goods, charged with the trust of turning them into money to pay debts, make him a merchant within the meaning of the law, so as to be bound to take out license or pay tax before he can sell the assigned property. The trading and dealing in goods, wares and merchandise imply not only selling but buying to sell, as an avocation or business.

This is very different from undertaking, as a trustee, to convert an insolvent debtor's assigned effects into money for the benefit of his creditors. A trustee in such a case is not a merchant, or liable to be taxed as such, and it makes no difference whether the effects assigned are goods, wares and merchandise, or any other property.

The judgment will be affirmed.